

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

June 4, 1948

Hon. Gene Maddin
District Attorney
McLennan County
Waco, Texas

Opinion No. V-598

Re: The authority of the
county clerk to charge
a fee for birth certi-
ficates furnished the
Waco State Home.

Dear Sir:

Your request for an opinion is as follows:

"Can the County Registrar of births
charge the Waco State Home, which is a
State Institution, for birth certificates
which they must obtain on the children
who are committed to this home, and con-
sequently wards of the State of Texas?"

You state that it is the county clerk of Mc-
Lennan County who is furnishing the Waco State Home cer-
tified copies of birth certificates.

It was held in the case of Tobin v. Skaggs,
107 S.W.(2d) 677, that:

"The office of county clerk was not
created, nor is it maintained, for the
private gain of persons occupying it from
time to time, nor for the purpose of rais-
ing revenues, except as fees may be col-
lected as an incident to its operation for
public purposes." (Emphasis added)

Rule 51a of Article 4477, V. C. S., authorizes
the county clerk to issue certified copies of birth cer-
tificates and collect a fee of fifty cents for such ser-
vice. We quote the following from Rule 51a:

". . . Certified copies of said birth
or death certificate shall be issued by
either the County Clerk or the State Regis-
trar and fee for said certified copy shall

be fifty cents (50¢). . ."

Since there is no provision in the rule above quoted which would exempt the Waco State Home from the payment of the fee due the county clerk, the question for our determination is whether a county office may collect a statutory fee from a state agency.  In this connection we quote the following from Attorney General's Opinion No. O-783:

"It will be noticed that the language of these statutes concerning who shall pay these charges is very plain and mandatory, and that it is all inclusive.  Article 58 provides that 'all applicants . . . shall pay'; and Article 65 provides that 'before any cotton seed breeder or cotton seed grower is registered . . . he or it shall agree in writing to pay.'

"We are not unmindful of the rule and the departmental construction in many cases to the effect that ordinarily one state department cannot charge another state department a fee because to do so would amount to the state taking money out of one pocket and putting it into another; but in this particular case under consideration we think the statute shows that it was intended by the legislature that passed it that every one, including state departments and agencies, should pay for this work of cotton field inspection when they request it and it is done for their benefit.

"Our answer to your inquiry is that the Department of Agriculture should collect the application and inspection fees and charges for services performed under the Field Seed Certification law (Articles 56 to 67, inc., R. C. S.) for other State departments and agencies, including Texas Technological College."

It was held in Opinion No. V-589, dated May 26, 1948, that "the State Registrar is required to collect a fee of fifty cents for all certified copies of

birth and death certificates from all persons or agencies requesting same, except those persons or agencies specifically exempt from the payment of such fee under the provisions of Rule 54a, of Article 4477, V. C. S."
A copy of that opinion is enclosed.

In view of the foregoing, it is the opinion of this office that the county clerk is required to collect a fee of fifty cents for each certified copy of a birth certificate furnished the Waco State Home.

SUMMARY

The county clerk is required to collect a fee of fifty cents for each certified copy of a birth certificate furnished the Waco State Home. R.51a, Art.4477,V.C.S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

JR:mw

APPROVED:

Price Daniel
ATTORNEY GENERAL